Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

*Attorneys for Plaintiff Alisha Marie Scrivner*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALISHA MARIE SCRIVNER, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**ALDI, INC., an Illinois Corporation,**<br><br>**Defendant.** | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Implied Warranty of Merchantability<br><br>4. Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **ALISHA MARIE SCRIVNER** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **ALDI, INC.**, and alleges the following

1
**COMPLAINT AND DEMAND FOR JURY TRIAL**

upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Ambiano 9 in 1 Programmable Pressure Cooker" that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and that they are equipped with Safety devices such as a float valve, pressure regulator and a lid position sensor.[2] Despite Defendant's claims of "safety", it designed, manufactured, marketed, imported, distributed and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's claims, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendants knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

---

[1] *See*, Ambiano 9 in 1 Programmable Pressure Cooker Pressure Cooker Owner's manual. A copy of the Owner's manual is attached hereto as "Exhibit A", pg. 16.

[2] *Id.*

5. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF ALISHA MARIE SCRIVNER**

6. Plaintiff is a resident and citizen of the city of Thousand Palms, County of Riverside, State of California, and was born on May 5, 1995.

7. On or about October 3, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" features which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

**DEFENDANT ALDI, INC.**

8. Defendant Aldi designs, manufactured, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Defendant Aldi is an Illinois Corporation, with a principal business located at 1200 N. Kirk Rd., Batavia, IL 60510, and does business in all 50 states. Defendant Aldi is therefore deemed to be a resident and citizen of the State of Illinois for purposes of diversity jurisdiction.

10. At all times relevant, Defendant Aldi substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district,

## FACTUAL BACKGROUND

13. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

14. Defendant touts the "safety"[3] of its pressure cookers, and that they are equipped with Safety devices such as a float valve, pressure regulator and a lid position sensor.[4]

15. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

16. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

17. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force

---

[3] *Id.*

[4] *Id.*

while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

18. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

19. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

20. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

21. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

22. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

23. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost

5
COMPLAINT AND DEMAND FOR JURY TRIAL

wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST ALDI, INC., ALLEGES AS FOLLOWS:

24. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

26. Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

27. Plaintiff and her family did not misuse or materially alter the pressure cooker.

28. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

29. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

　　a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

　　b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

    e. Defendant failed to adequately test the pressure cookers; and

    f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

30. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**SECOND CAUSE OF ACTION**

**<u>NEGLIGENT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST ALDI, INC., ALLEGES AS FOLLOWS:

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its

intended uses by consumers, such as Plaintiff and her family.

34. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

35. Defendant were negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;
   b. Placed an unsafe product into the stream of commerce; and
   c. Were otherwise careless or negligent.

36. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST ALDI, INC., ALLEGES AS FOLLOWS

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

39. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

40. Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

41. Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

42. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

43. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION ALDI, INC., ALLEGES AS FOLLOWS:

44. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

45. Defendant manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

46. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

47. Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with its use.

48. Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

49. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## **INJURIES & DAMAGES**

50. As a direct and proximate result of Defendant's collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

51. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result

of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

52.   As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the catastrophic burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F.  That Plaintiff be awarded attorney's fees to the extent permissible under Federal and California law; and

///

///

///

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: September 16, 2022              **HARLAN LAW, P.C**

*/s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: September 16, 2022**     **JOHNSON BECKER, PLLC**

By */s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)